■ SAMUEL TRALONGO, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33770.) — Appeal by the State of New York from an order of the Court of Claims directing that the State be examined before trial. The claim alleges that the State was negligent in maintaining a portion of Route 100, and that by reason thereof claimant was caused to lose control of his auto and was injured. The order directs the State to appear "by its agents, servants, employees, or persons having knowledge of the facts" to be examined concerning the construction and grade of the road within one mile in either direction from the point of the accident, concerning the condition of the road and weather conditions prior to the accident, and concerning facts relating to prior accidents. The State claims that the order of the Court of Claims, insofar as it directs defendant to appear for examination "by its agents, servants, employees or persons having knowledge of the facts" does not comply with the provisions of rule 122 of the Rules of Civil Practice. Rule 122 of the Rules of Civil Practice provides that where the party whose testimony is sought is a corporation, the affidavit supporting the motion for an order "must state or otherwise designate or describe the office or position in such corporation * * * held by the person whose testimony is material and necessary. If, however, the party seeking the testimony does not know and has no means of knowing what officer, agent or employee of the adverse party * * * has knowledge of the facts as to which the testimony is required, the affidavit shall so state and the reasons therefor and the court shall order the adverse party to designate and produce for examination an officer, agent or employee having such knowledge." The above provision relating to corporations also applies to the State (*Dunbar & Sullivan Dredging Co.* v. *State of New York*, 174 Misc. 743). The motion papers do recite that the claimant does not know and has no means of knowing what officer, agent or employee of the State has knowledge of the facts and circumstances sought

to be obtained. However, the order does not direct the State to designate and produce for an examination an officer, agent or employee having such knowledge. In this respect the order is defective. The order also directs the State to produce " all reports, investigations, memoranda, sketches, surveys, records, correspondence and data" relating to the items concerning which an examination is sought. The State argues that this language is too general. Claimant claims that he could not give a more detailed description because he is unaware of the books and records kept by the State. As the order relates to reports, etc., to the items concerning which an examination is sought, the State ought to be able to intelligently comply therewith. The order is modified by providing that the State shall designate one or more officers, agents or employees having knowledge of the facts and circumstances sought to be obtained in the examination, and, as modified, the order is affirmed, without costs. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.